**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————

**MICHAEL CASTILLO,**

                   **Petitioner,**

        **- against -**

**UNITED STATES OF AMERICA,**

                   **Respondent.**

—————————————————————

**19-cr-428 (JGK)**
**22-cv-6894 (JGK)**

**MEMORANDUM OPINION AND**
**ORDER**

**JOHN G. KOELTL, District Judge:**

The pro se petitioner, Michael Castillo, moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence imposed following his conviction. On July 9, 2021, Castillo pleaded guilty to murder through the use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(j) and 2. See Plea Allocution, ECF No. 97.[1] On October 15, 2021, the Court sentenced Castillo principally to a below-guidelines sentence of 276 months', or 23 years', imprisonment. Judgment, ECF No. 105, at 2; Sentencing Transcript, ECF No. 107, at 19. Castillo now seeks relief from that sentence on the grounds that he allegedly received constitutionally ineffective assistance of counsel in both the pretrial and sentencing stages of his case and that the Government violated its obligations under Brady v. Maryland, 373

—————————————————————

[1] Unless otherwise noted, all record citations are to No. 19-cr-428.

U.S. 83 (1963), and committed prosecutorial misconduct. For the following reasons, the petition is **denied**.

### I.

### A.

On March 10, 2011, Castillo murdered Hector Arias outside Arias's apartment in front of Arias's fiancée and her daughter. Pre-Sentence Report ("PSR"), ECF No. 101, § 14. On June 20, 2019, Castillo was charged in a three-count superseding indictment for (1) murder-for-hire, in violation of 18 U.S.C. §§ 1958 and 2; (2) murder through the use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(j) and 2; and (3) use of interstate commerce facilities in the commission of a murder-for-hire, in violation of 18 U.S.C. § 1952 and 2. Indictment, ECF No. 31, at 1-3. Throughout his prosecution, plea, and sentencing, Castillo was represented by three experienced court-appointed lawyers: Mark DeMarco, Jeremy Schneider, and Margaret Shalley. See ECF Nos. 17, 22, 26, 107.

On October 23, 2020, DeMarco filed a motion to preclude the introduction of some of the Government's proposed 404(b) evidence. ECF No. 48. After oral arguments on the issue, this Court made several preliminary rulings in favor of Castillo. See ECF No. 67 at 19, 32. Castillo's counsel also filed a proposed examination of jurors and a motion seeking permission to conduct

voir dire of jurors. See ECF Nos. 65, 67. In May 2021, the Government filed motions in limine and Castillo's counsel responded. ECF Nos. 83, 86.

On July 6, 2021, the Government sent a proposed plea agreement to Castillo's attorneys. Plea Agreement, ECF No. 125-2. Under the terms of the Plea Agreement, Castillo would agree to plead guilty to Count Two of the Indictment, murder through the use of a firearm in furtherance of a drug trafficking crime, and would stipulate to a Sentencing Guidelines Range of 324 to 405 months' imprisonment. Id. at 1-2. The Plea Agreement included several provisions waiving Castillo's right to appeal. As relevant, Castillo would agree not to file a direct appeal or bring a collateral challenge, "including but not limited to an application under" 28 U.S.C. §§ 2241 or 2255, "of any sentence within or below the Stipulated Guidelines Range of 324 to 405 months' imprisonment." Id. at 4. Castillo also would waive his right to "withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to Giglio v. United States, 405 U.S. 150 (1972), that has not already been produced as of the

3

date of the signing of this Agreement." Id. The Plea Agreement
did specify, however, that Castillo would not waive any rights
"to assert claims of ineffective assistance of counsel, whether
on direct appeal, collateral review, or otherwise," and that "it
is expressly agreed that the defendant reserves those rights."
Id.

On July 9, 2021, Castillo signed the Plea Agreement, id. at
6, and appeared before the Court to plead guilty to Count Two.
After Castillo was placed under oath, this Court asked him a
series of questions to establish that he was competent and was
pleading knowingly and voluntarily. Plea Allocution, ECF 125-3,
at 3-5. Castillo affirmed that he was satisfied with his lawyers
and their representation of him. Id. at 5. Castillo also stated
that he had discussed his case with his lawyers and the
consequences of entering a plea of guilty. Id. He affirmed that
the agreement constituted his complete and total understanding
of the entire agreement with the government. Id. Castillo also
affirmed that he had signed the Plea Agreement, that he had read
the Agreement, discussed it with his lawyers, and fully
understood it. Id. at 16. He affirmed that no one had offered
him any inducements or threatened him or forced him to plead
guilty or to enter into the Plea Agreement. Id.

At the plea hearing, the Court also discussed with Castillo the waiver of his right to appeal. The Court had the following colloquy with Castillo:

> THE COURT: There is a provision in the plea agreement which says, ["]It is agreed that the defendant,["] that's you, ["]will not file a direct appeal nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Sections 2255 and/or Section 2241 of any sentence within or below the stipulated guidelines range of 324 to 405 months' imprisonment.["] So do you understand that if I sentence you to 405 months' imprisonment or less, you have given up your right to appeal any such sentence or to challenge any such sentence in any proceeding, including any habeas corpus proceeding?
>
> THE DEFENDANT: Yes, your honor.

Id. at 16-17.

The Court then asked a series of questions to assure that there was a factual basis to support the elements of the charge. Castillo stated that on March 10, 2011, he shot and killed Hector Arias, a rival marijuana dealer, "to further the drug trafficking goals" of Castillo's affiliated organization. Id. at 18. The Government proffered that it was prepared to introduce witness testimony, historical cell site evidence, call records,

5

eyewitness testimony, photographs, and ballistics evidence at trial. Id. at 20. The Government also asserted that the evidence would show that Castillo shot and killed Arias in front of Arias's fiancé and daughter in a murder-for-hire conspiracy to retaliate against Arias's competing drug sales. Id. at 20-21.

Following these questions, Castillo pleaded guilty to Count Two of the Indictment. Castillo affirmed that he was pleading guilty because he was, in fact, guilty, and that he was pleading guilty voluntarily and of his own free will. Id. at 22. The Court found that Castillo knew his rights and was waiving them knowingly and voluntarily, that the plea was entered knowingly and voluntarily, and that the plea was supported by an independent basis in fact containing each of the essential elements of the offense. Id. at 23. Accordingly, the Court accepted Castillo's guilty plea and adjudged him guilty of Count II of the Indictment. Id.

On September 29, 2021, the Probation Office filed their final Pre-Sentence Report ("PSR"). The PSR calculated a Guidelines sentencing range of 324-405 months' imprisonment and recommended a Guidelines sentence of 324 months' imprisonment. PSR at 20. Both parties filed written submissions with the Court to set forth their sentencing arguments. ECF Nos. 102, 103, 104. Defense counsel discussed Castillo's personal background, military service and resulting health complications, and the

challenging circumstances of Castillo's pretrial detention during the COVID-19 pandemic. ECF Nos. 102, 104. Castillo's submission also included letters in support, which included photographs of his military service. Id.

At the sentencing hearing on October 15, 2021, the Court confirmed that Castillo had read the PSR, the recommendation, and the addendum, and discussed them with his lawyer and that Castillo had no objections. ECF No. 107, at 8. After listening to the parties, the Court concluded that the Guidelines Sentencing Range was 324 to 405 months' imprisonment. The Court ultimately varied downwardly to a sentence principally of 276 months' imprisonment to be followed by a term of five years' supervised release. The Court acknowledged the heinous nature of the crime, but also found significant mitigating circumstances including the defendant's extensive military service, the injuries that the defendant suffered and continued to suffer as a result of that service, and the difficult conditions that the defendant would continue to suffer while incarcerated, in part because of the difficulty in dealing with the defendant's medical conditions. Id. at 17-19. The Court advised the defendant that a defendant generally has the right to appeal the sentence and detailed how that right could be exercised, but also explained that the defendant appeared to have waived the right to appeal and urged the defendant to consult with his

7

lawyers so that he was fully informed about all of his rights.
The defendant stated that he understood. Id. at 23-24. Judgment
was entered on October 21, 2021. ECF No. 105.

**B.**

On July 31, 2022, Castillo, proceeding pro se, filed this
Section 2255 motion to vacate, set aside, or correct his
sentence. ECF No. 119. Castillo alleges ineffective assistance
of counsel by his attorneys and misconduct by the Government.
Castillo asserts eight instances in which he allegedly received
ineffective assistance of counsel, both before the plea
agreement, Pet.'s Memo., ECF No. 119-1, at 20-38, and in
connection with sentencing, id. at 39-44, namely, that prior to
his plea, his lawyers failed to: (1) communicate with and inform
him of the relevant circumstances and likely consequences of
pleading guilty; (2) file substantive pretrial motions; (3)
conduct an adequate and independent pretrial investigation; and
(4) attempt to negotiate a more favorable Plea Agreement.
Castillo also alleges that following his guilty plea, his
attorneys provided ineffective assistance of counsel because
they allegedly failed to (5) review and discuss the PSR with
him; (6) file substantive objections to the PSR; (7) object to
Castillo's sentence for being substantively unreasonable and (8)
file a notice of appeal on his behalf. Pet.'s Memo., ECF No.
119-1, at 2. Castillo also argues that the Government committed

Brady violations by failing to disclose a cooperating witness's
sealed criminal history and prosecutorial misconduct by
knowingly using false witness testimony to obtain Castillo's
indictment. Id. at 12-20.

## II.

Most of the defendant's claims are barred by the waiver of
the right to appeal or bring a collateral challenge to his
sentence that is contained in the Plea Agreement. When the Court
took the defendant's plea, the Court specifically determined
that the defendant had knowingly and voluntarily entered into
that waiver. And the Court reviewed that waiver with the
defendant at the time of sentencing. In any event, all of the
defendant's claims are without merit.

### A.

"[I]t is well-settled that a defendant's knowing and
voluntary waiver of his right to appeal a sentence within an
agreed upon guideline range is enforceable." United States v.
Lee, 523 F.3d 104, 106 (2d Cir. 2008).[2] There is also "no general
bar to a waiver of collateral attack rights in a plea
agreement," including collateral challenges brought pursuant to
Section 2255. Frederick v. Warden, Lewisburg Corr. Facility, 308
F.3d 192, 195 (2d Cir. 2002).

---

[2] Unless otherwise noted, this Memorandum Opinion & Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

The circumstances under which such waivers are unenforceable are very limited. The exceptions include:

> [W]hen the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence . . . .

United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (collecting cases).

"To raise a claim despite a guilty plea or appeal waiver, the petitioner must show that the plea agreement was not knowing and voluntary, because the advice he received from counsel was not within acceptable standards." Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008). This is because "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel." Id. Moreover, given the importance of the right to appeal, the Court has recognized exceptions to an appeal waiver where defense counsel failed to file a notice of appeal when requested to do so, or mistakenly advised a defendant that no appeal was possible. Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006).

**B.**

Castillo raises several ineffective assistance of counsel claims regarding pre-trial strategy and sentencing that are

barred by the appellate waiver because they do not implicate advice concerning Castillo's plea. See Parisi, 529 F.3d at 138. During the plea allocution, this Court found that, based on Castillo's sworn responses, he entered into the Plea Agreement knowingly and voluntarily. Plea Allocution, ECF 125-3, at 22-23. Castillo also specifically acknowledged that the Plea Agreement waived his right to an appeal or any collateral challenge. Id. at 16-17; see Levitis v. United States, 15-cv-8977, 2020 WL 2836375, at *12 (S.D.N.Y. May 31, 2020) ("In determining whether a defendant understood the consequences of a waiver, the district court is entitled to rely upon the defendant's sworn statements, made in open court, that he understood that he was waiving his right to collaterally attack his sentence."). There is no indication that most of Castillo's allegations of ineffective assistance of counsel are related to whether he entered into the Plea Agreement knowingly and voluntarily. Therefore, all of Castillo's claims of ineffective assistance of counsel are barred by the appeal waiver in the Plea Agreement except for the first and the eighth claims.[3]

---

[3] To the extent that the fifth claim concerning his counsel's review of the PSR includes an allegation that his counsel failed to review the PSR with him, it would not be barred by the appeal waiver because it relates to the advice he received, but it is plainly without merit.

11

However, Castillo's first and eighth claims for ineffective
assistance of counsel -- that Castillo's counsel failed to
communicate with him and inform him of the likely consequences
of pleading guilty, and that Castillo's counsel failed to appeal
-- survive the waiver. See, e.g., Davis v. Greiner, 428 F.3d 81,
88 (2d Cir. 2005) (finding ineffective assistance of counsel
where attorney failed to "adequately inform her client about the
considerations that are relevant to her client's decision to
accept or deny a plea bargain"); Campusano v. United States, 442
F.3d 770, 775 (2d Cir. 2006) (noting the importance of a fair
opportunity to appeal "even after a waiver appears to bar
appeal").

### III.

Regardless of the appeal waiver, all of Castillo's
arguments that he received ineffective assistance of counsel are
without merit.

### A.

Criminal defendants are entitled to "effective assistance
of competent counsel," including during the plea-bargaining
process. Padilla v. Kentucky, 559 U.S. 356, 364 (2010).
Ineffective assistance of counsel during plea negotiations can
invalidate a guilty plea "to the extent that the counsel's
deficient performance undermines the voluntary and intelligent
nature of [the] defendant's decision to plead guilty." United

12

States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005). To establish

that he has been denied effective assistance of counsel,

Castillo must show both that (1) his counsels' performance was

deficient in that it was objectively unreasonable under

professional standards prevailing at the time, and that (2)

counsels' deficient performance prejudiced

Castillo. See Strickland v. Washington, 466 U.S. 668, 687-88

(1984); Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005);

Ottenwarde v. United States, No. 12-cv-6537, 2013 WL 1242632, at

*6 (S.D.N.Y. Mar. 28, 2013). "To meet the second prong of the

Strickland test, the petitioner must show that there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to

undermine confidence in the outcome. Where a defendant

challenges a guilty plea on the basis of alleged infective

assistance of counsel, the defendant must show that there is a

reasonable probability that, but for counsel's errors, the

defendant would not have pleaded guilty and would have insisted

on going to trial. In the context of sentencing, the petitioner

must show that but for counsel's ineffectiveness, there is a

reasonable probability that the sentence imposed would have been

different." Id.

**B.**

Each of Castillo's claims of ineffective assistance of counsel, whether barred by the appeal waiver or not, is without merit.

**1.**

Castillo argues that his counsel was constitutionally ineffective by failing to communicate and explain the details of Castillo's guilty plea. For plea offers, counsel must "inform the defendant of the strengths and weaknesses of the case against him, as well as the alternative sentences to which he will most likely be exposed." Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000). In reviewing counsel's performance "[a] defendant's statement at his plea allocution carries a strong presumption of verity," and "[s]uch statements are conclusive absent a credible reason for departing from them." Ramos v. United States, No. 97-cv-2572, 1998 WL 230935, at *3 (S.D.N.Y. May 8, 1998) (collecting cases).

In this case, Castillo's claim is unsupported by his own statements. Castillo affirmed during his plea allocution that he had read the Plea Agreement before he signed it, discussed it with his lawyers before he signed it, and fully understood the agreement before he signed it. Plea Allocution, ECF No. 125-3, at 16. Castillo also affirmed that he was aware of the charges against him, what the Government would be required to prove at

trial, and what the maximum penalty was. Id. at 9-12. He also
affirmed that he was aware of the stipulated Guideline
Sentencing Range in the Plea Agreement, namely 324 to 405
months' imprisonment. Id. at 17. Castillo also affirmed that he
understood that he had "given up [his] right to appeal any such
sentence or to challenge any such sentence in any proceeding,
including any habeas corpus proceeding [.]" Id. at 16.
Therefore, Castillo's Section 2255 motion cannot be granted on
the ground that his counsel was constitutionally ineffective for
failing to explain the guilty plea. See, e.g., King v. United
States, Nos. 10-cr-122, 14-cv-7962, 2017 WL 1483337, at *18
(S.D.N.Y. Apr. 25, 2017) (rejecting claims of ineffective
counsel where the record disclosed "that the plea was knowing
and voluntary").

### 2.

Castillo argues that his counsel provided ineffective
assistance of counsel by failing to file substantive pretrial
motions. The record contradicts this claim. Castillo's attorneys
filed various pretrial motions, including a motion to preclude
the introduction of 404(b) evidence, ECF No. 48; a proposed voir
dire examination of prospective jurors, ECF No. 65; and an
opposition to the Government's requests to charge, ECF No. 72.
Castillo does not explain what additional motions should have
been made, and Castillo's lawyers were under no obligation to

15

file meritless motions. See, e.g., United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir. 1995) ("[T]he failure to make a meritless argument does not rise to the level of ineffective assistance"); see also, Camper v. United States, Nos. 19-cv-2000, 13-cr-378, 2021 WL 4504700, at *5 (S.D.N.Y. Oct. 1, 2021) (finding that plaintiff's counsel did not act unreasonably for not raising arguments that lacked merit). Accordingly, Castillo has failed to show that his lawyers were ineffective for failure to file substantive pretrial motions.

### 3.

Castillo argues that his counsel's pretrial investigation was ineffective. A criminal defendant's attorney has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," and "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. However, this duty does not "compel defense counsel to investigate comprehensively every lead or possible defense." Greiner v. Wells, 417 F.3d 305, 321 (2d Cir. 2005). "A petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information . . . showing as to what the investigation would have produced." Halo v. United

States, No. 06-cv-5041, 2007 WL 1299158, at *13 (E.D.N.Y. Apr. 30, 2007). "[A] petitioner must do more than make vague, conclusory, or speculative claims as to what evidence could have been produced by further investigation." Taylor v. Poole, No. 07-cv-6318, 2009 WL 2634724, at *14 (S.D.N.Y. Aug. 17, 2009). In this case, Castillo does not identify any information that may have been revealed through additional investigation or any specific witnesses that should have been interviewed. Indeed, Castillo admitted to having shot the victim in return for a payment. It is difficult to conceive how additional investigation could have helped the defendant or how he could have been prejudiced by the failure to conduct such an investigation. Accordingly, there is no basis to conclude that his attorneys were constitutionally ineffective by failing to conduct an adequate pretrial investigation.

**4.**

Castillo argues that his counsel was constitutionally ineffective by failing to negotiate a more favorable Plea Agreement. Pet.'s Memo., ECF No. 119-1, at 29-38. However, where a plaintiff secures a benefit with a plainly favorable plea agreement, courts are reluctant to find ineffective assistance of counsel. See, e.g., Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004)("[W]here the defendant secured a significant strategic benefit by pleading guilty, courts are generally less

likely to suspect an involuntary or misguided decision to plead."); Feliz v. United States, Nos. 01-cv-5544, 00-cr-53, 2002 WL 1964347, at *7 ("No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial."). If Castillo had not pleaded guilty, he would have faced a trial on all three counts of the Indictment. The penalty for the charge in Count One, murder-for-hire in violation of 18 U.S.C. §§ 1958 and 2, was principally a mandatory term of life imprisonment. By pleading guilty, the defendant's potential sentence was a mandatory term of five years' imprisonment with a possible sentence of up to life imprisonment but a Stipulated Guidelines Range of 324 to 405 months' imprisonment. Plainly, the Plea Agreement provided a substantial benefit to the defendant. He avoided a mandatory sentence of life imprisonment and was eventually sentenced principally to 276 months' imprisonment. There is no evidence that the defendant's defense counsel could have negotiated an even more favorable plea agreement. Because Castillo's counsel successfully negotiated a Plea Agreement that resulted in a lesser sentence, Castillo's argument is unpersuasive. See Padilla, 331 F. Supp. 2d at 217.

**5.**

Castillo argues that his counsel was constitutionally ineffective at sentencing for failing to explain the PSR to him

18

and for not making substantive objections to it. However, at
sentencing, DeMarco stated that he had "reviewed the presentence
report, the recommendation, and the addendum, and discussed them
with the defendant." Sentencing Transcript at 2. He pointed out
an error in the PSR that the Court corrected. Id. at 2-3.
Castillo then affirmed that he had reviewed the PSR, discussed
it with his counsel, and had no objections. Id. at 8. Moreover,
Castillo does not indicate what substantive objections his
counsel should have raised to the PSR. See Cisse v. U.S., 330 F.
Supp. 2d 336, 343 (S.D.N.Y. 2004) (rejecting ineffective counsel
claim where defendant's sworn testimony at sentencing
contradicted claim that his counsel did not explain the PSR).
Accordingly, Castillo's argument is without merit.

**6.**

Castillo argues that his counsel was constitutionally
ineffective at sentencing by failing to object to the
substantive unreasonableness of his sentence. Castillo argues
that his counsel should have advocated for a lower sentence and
did not bring to the Court's attention Castillo's military
service, the jail conditions during COVID-19, and the
recommendation letters submitted on Castillo's behalf at his
sentencing hearing. Pet.'s Memo., ECF No. 119, at 40. The record
belies these claims. In advance of sentencing, Castillo's
counsel submitted letters of support to this Court, with

19

photographs of Castillo's military service attached. See ECF
Nos. 102, 104. Defense Counsel's sentencing submissions relied
extensively on the defendant's military service and the injuries
that the defendant had received in numerous overseas
deployments. ECF No. 102. Then, at sentencing, DeMarco argued
for a 15-year sentence, well below the 27-year minimum provided
for in the PSR and the Plea Agreement. Sentencing Transcript at
7-8. DeMarco also explicitly discussed Castillo's military
service, id. at 4, and the "unduly harsh" conditions that
Castillo suffered throughout his incarceration during the COVID-
19 pandemic, id. at 7. Through these efforts, DeMarco succeeded
in arguing for a lower sentence. The Court ultimately sentenced
Castillo principally to a term of 23-years' imprisonment, below
the minimum Sentencing Guidelines Range of 27-years'
imprisonment. And the Court specifically acknowledged the
defendant's military service and the harsh conditions of his
confinement. Accordingly, the efforts of Castillo's counsel did
not fall "below an objective standard of reasonableness."
Strickland, 466 U.S. at 688; see also Wagner v. United States,
No. 22-cv-360, 2023 WL 2330690, at * 2(rejecting a claim for
ineffective assistance of counsel where defense counsel
submitted an "extensive and well-reasoned sentencing
memorandum," and demonstrated "effective in-person
argumentation").

**7.**

Castillo argues that his counsel was constitutionally ineffective for failing to have argued that his sentence was substantively unreasonable. Any such argument would have been meritless, and it is not ineffective assistance of counsel to fail to make meritless arguments. See Johnson v. United States, 779 F.3d 125, 130 (2d Cir. 2015) ("Counsel's failure to [raise] the arguments [petitioner] advances now was not objectively unreasonable, since those arguments are . . . meritless."). The prison term imposed was less than the bottom range of the Sentencing Guidelines Range and was justified by the serious nature of the crime. See United States v. Simels, 654 F.3d 161, 175 (2d Cir. 2011) ("A sentence within the applicable Guidelines range will generally be considered reasonable.").

**8.**

Castillo argues that his counsel was constitutionally ineffective by failing to file an appeal. The Court of Appeals for the Second Circuit "take[s] very seriously the need to make sure that defendants are not unfairly deprived of the opportunity to appeal, even after a waiver appears to bar appeal." Campusano, 442 F.3d at 775. The first question in this inquiry is "whether counsel consulted with the defendant about an appeal, that is, whether he advised the defendant about the advantages and disadvantages of an appeal and made a reasonable

effort to discover the defendant's wishes." Davis v. United
States, 558 F. App'x 127, 128 (2d Cir. 2014). Where counsel
consults with the defendant, "counsel will be found to have
performed unreasonably only in failing to follow the defendant's
express instructions to file an appeal." Id. In this case,
Castillo does not allege that any of his lawyers refused to file
a notice of appeal that he asked them to file; nor does he argue
that his lawyers failed to discuss with him the issue of an
appeal. And indeed, the Court advised the defendant to discuss
the issue with his lawyers. Sentencing Tr., ECF No. 125-1.
Rather, the defendant argues that DeMarco "discouraged him" from
filing an appeal. ECF No. 119-1, at 42. But that advice was not
ineffective assistance of counsel. The defendant has failed to
allege any meritorious issue for appeal. See Roe v. Flores-
Ortega, 528 U.S. 470, 478 (2000) ("Counsel performs in a
professionally unreasonable manner only by failing to follow the
defendant's express instructions with respect to an appeal.");
Sarroca v. United States, 250 F.3d 785, 788 (2d Cir. 2001)
(finding no deficient performance of defense counsel where
defendant did not explicitly request an appeal and where
defendant had entered a guilty plea); Kapelioujnyi v. United
States, 422 F. App'x 25, 26 (2d Cir. 2011) (affirming dismissal
of habeas petition where petitioner expressed interest in appeal
and his counsel explained that he had waived his appeal rights

and the petitioner received a sentence within the plea
agreement's stipulated range).

### C.

Moreover, all of the defendant's claims of ineffective
assistance of counsel fail because the defendant has failed to
plead that he was prejudiced by his counsel's errors. He has
failed to show that there is a "reasonable probability that but
for counsel's errors, [he] would not have pleaded guilty and
would have insisted on going to trial." Hill v. Lockhart, 474
U.S. 52, 59 (1985). And he has failed to show, as to the
sentence, that the sentence imposed would have been different
but for counsel's ineffectiveness. United States v. Workman, 110
F.3d 915, 920 (2d Cir. 1997). Castillo's sworn statements at his
pleas show that he fully understood the plea and its
consequences and was prepared to accept it. See Agramonte v.
United States, Nos. 15-cr-176, 16-cv-6678, 2020 WL 1445651, at
*6 (S.D.N.Y. Mar. 25, 2020) (finding that the "[p]etitioner
[was] boxed out from establishing prejudice given the Plea
Agreement and his statements during the plea allocution");
Padilla v. Keane, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004) ("In
effect, no prejudice exists when a plea agreement lessens the
severity of the sentence defendant would face if convicted at
trial."); DeLeon v. United States, Nos. 00-cr-1236, 02-cv-9745,
2003 WL 21769836, at *6, (S.D.N.Y. July 30, 2003) ("[The

petitioner] cannot show . . . prejudice because . . . he
received a considerable benefit under the terms of his plea
agreement."). In this case, by accepting the Plea Agreement and
pleading guilty, the defendant avoided a mandatory sentence of
life imprisonment. There is no plausible argument that but for
counsel's alleged error the defendant would have chosen to go to
trial. Accordingly, Castillo's arguments regarding ineffective
counsel fail to allege prejudice.

IV.

Castillo argues that the Government violated its <u>Brady</u>
obligations by failing to disclose the criminal history of
Michael Vega, one of the Government's cooperating witnesses.
Castillo also argues that the Government committed prosecutorial
misconduct by knowingly presenting the false witness testimony
of Vega to the grand jury when pursuing Castillo's indictment.

A.

"[T]he suppression by the prosecution of evidence favorable
to an accused upon request violates due process where the
evidence is material either to guilt or to punishment,
irrespective of the good faith or bad faith of the
prosecution." <u>Brady</u>, 373 U.S. at 87. The <u>Brady</u> rule applies to
both exculpatory and impeachment evidence. <u>United States v.
Payne</u>, 63 F.3d 1200, 1210 (2d Cir. 1995); <u>see also</u> <u>Giglio v.
United States</u>, 405 U.S. 150, 154-55 (impeachment evidence). To

24

establish a <u>Brady</u> violation, Castillo must show (1) that the
evidence at issue is favorable to the accused, because it is
either exculpatory or impeaching; (2) that the Government
suppressed the evidence, either willfully or inadvertently; and
(3) that prejudice ensued. <u>Strickler v. Greene</u>, 527 U.S. 263,
281-82 (1999). "Evidence is material if there is a reasonable
probability that, had the evidence been disclosed to the
defense, the result of the proceeding would have been
different." <u>United States v. Orena</u>, 145 F.3d 551, 557 (2d Cir.
1998).

**B.**

As an initial matter, Castillo's Plea Agreement bars his
<u>Brady</u> challenge. As part of that Agreement, Castillo expressly
"waive[d] any and all right . . . to attack his conviction . . .
on the ground that the Government has failed to produce any
discovery material, <u>Jencks</u> Act material, [or] exculpatory
material pursuant to <u>Brady v. Maryland</u>." Plea Agreement, ECF No.
125-2, at 4. <u>Brady</u> waivers are enforceable where "the defendant
entered into the plea agreement knowingly and voluntarily."
<u>Mattera v. United States</u>, Nos. 16-cv-783, 12-cr-127, 2020 WL
774103, at *3 (S.D.N.Y. Feb. 18, 2020); <u>Tremblay v. United
States</u>, Nos. 08-cv-7030, 05-cr-783, 2009 WL 1055007, at *8
(S.D.N.Y. Apr. 20, 2009). As explained above, Castillo entered
into the Plea Agreement knowingly and voluntarily after a

thorough plea allocution. Accordingly, the Plea Agreement bars
Castillo's Brady challenge.

### C.

In any event, Castillo's Brady and prosecutorial misconduct
arguments fail on the merits. A criminal defendant is "entitled
to information necessary to ensure that his plea is voluntary,
and that any related waiver of his rights are made knowingly,
intelligently, and with sufficient awareness of the relevant
circumstances and likely consequences." Friedman v. Rehal, 618
F.3d 142, 153 (2d Cir. 2010). "The test of materiality in the
context of a plea is whether there is a reasonable probability
that but for the failure to produce such information the
defendant would not have entered the plea but instead would have
insisted on going to trial." Tate v. Wood, 963 F.2d 20, 24 (2d
Cir. 1992). "The inquiry is an objective one that is resolved
largely on the basis of the persuasiveness of the withheld
evidence." Id. In this case, Castillo does not explain how the
disclosure of Vega's criminal record would have impacted
Castillo's willingness to enter the Plea Agreement. Indeed, the
failure to disclose impeachment information prior to a guilty
plea does not violate a defendant's right to due process. See
United States v. Ruiz, 536 U.S. 622 (2002). Therefore, Castillo
has not met his burden to show that disclosure of Vega's
criminal history would have impacted his guilty plea in any way.

His claim that the Government committed <u>Brady</u> violations is without merit.

Castillo's claim of prosecutorial misconduct also is meritless. Castillo argues that the Government knowingly presented false witness testimony by Vega to the grand jury when it sought Castillo's indictment. A defendant has a right to be free from a conviction purposely obtained by false testimony. <u>Azeez v. City of New York</u>, 790 F. App'x 270, 273 (2d Cir. 2019). However, the Government represents that Vega's alleged false statements were made to the Federal Bureau of Investigation and not to the grand jury, that they related to Vega's culpability and not to Castillo's, and that defense counsel was fully informed about the Government's discovery of Vega's false statements in the course of discovery. <u>See</u> ECF No. 125, at 37-38. There is nothing about this information that casts any doubt on the knowing and voluntary nature of the defendant's plea.

**V.**

Castillo requests an evidentiary hearing to review his claims. District courts must grant a hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has discretion to rely on documentary evidence in deciding a Section 2255 motion and need not conduct a "full-blown testimonial hearing" when in-

27

court testimony "would not offer any reasonable chance of altering [the Court's] view of the facts." <u>Chang v. United States</u>, 250 F.3d 79, 86 (2d Cir. 2001). That is the case here. As detailed above, Castillo's motion and the files and records of the case conclusively show that Castillo is entitled to no relief. In-court testimony would not have a reasonable chance of altering this conclusion. <u>See</u> <u>Hernandez v. Larkin</u>, No. 12-cv-8090, 2013 WL 4453316, at *16 (S.D.N.Y. Aug. 19, 2013) (finding no need for an evidentiary hearing when a court denies a claim for ineffective assistance of counsel). Therefore, an evidentiary hearing is not required, and Castillo's request for one is **denied.**[4]

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the motion, filed under 28 U.S.C. § 2255, is **denied.** Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. <u>See</u> 28 U.S.C. § 2253. The Clerk is directed to close ECF

---

[4] Because no evidentiary hearing is warranted, there also is no need for Castillo's attorneys to submit affidavits explaining their actions at issue on this Section 2255 motion. <u>See</u> <u>Jones v. Donnelly</u>, 487 F. Supp. 2d 418, 420 (S.D.N.Y. 2007) (noting that a hearing and affidavit from counsel is not needed where constitutional ineffectiveness of counsel claim is insubstantial).

No. 119 in 19-cr-428. The Clerk is also directed to close 22-cv-6894. The Clerk is requested to mail a copy of this Memorandum Opinion and Order to the pro se petitioner and to note service on the docket of the Court.

**SO ORDERED.**

Dated:    New York, New York
          October 11, 2023

                                    John G. Koeltl
                              United States District Judge