UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————————

MICHAEL CASTILLO,

                       Movant,

       - against -

UNITED STATES OF AMERICA,

                  Respondent.

————————————————————————————

                           22-cv-6894 (JGK)

                           ORDER

JOHN G. KOELTL, District Judge:

The pro se movant, Michael Castillo, indicates in the enclosed letter received by the Court that he has not received the Government's August 23, 2024 submission. The Court is transmitting to the movant the Government's filings dated August 23, 2024 (ECF No. 14) and October 15, 2024 (ECF No. 19).

The defendant may submit any reply papers by **November 15, 2024.**

The Clerk is requested to: (1) mail a copy of this Order, including the enclosures, to the movant at: Michael Castillo (589 37177); Low Security Correctional Institution; P.O. Box 999; Butner, NC 27509; and (2) to note mailing on the docket.

**SO ORDERED.**

Dated:    New York, New York
           October 18, 2024

                           _____
                           John G. Koeltl
                United States District Judge

Oct 9, 2024

Honarable John G. Koeltl
US District of New York
500 Pearl Street
New York, NY 10007


USA v Castillo
Case 1:22-cv-06894-JGK


Given that, as of today, I have not received the
Government August 23, 2024 submission, I request (1) the
court order a copy of the August 23, 2024 submission
filed by the government to be served upon, and (2)
that the court extend my deadline to file a reply to
the government October 15, 2024 submission (if filed)
until seven days after is actually received by me here
at L.S.C.I. - Butner

Thank you
Respectfully Submitted,

Michael Castillo



As in past elections,
USPS is re...
If you choose to ...
please mail ear...

RALEIGH NC 275
Research Triangle Region
11 OCT 2024 PM 4 L

Number:
ectional Institution

584 3714

USM 4P
DNY

Honorable John G. Koelt
US District of New York
500 Pearl Street
New York, NY 10004

10007-131508



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 23, 2024

**BY ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    ***United States v. Michael Castillo*, S2 19 Cr. 428; 22 Civ. 6894**

Dear Judge Koeltl:

The Government respectfully writes in opposition to the defendant Michael Castillo's motion to amend his petition filed under 28 U.S.C. § 2255. (22 Civ. 6894, Dkt. No. 11, the "Motion"). For the reasons discussed below, the defendant's motion for leave to amend should be denied.

**I.        Background**

**a.  Castillo's Offense Conduct and Sentence**

On the morning of March 10, 2011, Castillo shot and killed Hector Arias. This was a premeditated murder, which Castillo committed for money. In advance of the killing, Castillo hid in the stairwell of Hector Arias' apartment building, waiting for his target to come outside. (Dkt No. 101, United States Probation Office, Presentence Investigation Report ("PSR") ¶ 14). In addition, Castillo had previously surveilled Arias in the building in preparation for the murder. (PSR ¶ 13). In fact, just the day before, Castillo waited in a same location in Arias' apartment building, but ultimately left after not finding the right opportunity to take his shot. On March 10, Castillo tried again. When Arias exited the apartment with his fiancée and her daughter to start their day and bring the child to school, Castillo ambushed Arias. (PSR ¶ 14). Arias and Castillo struggled briefly and then Castillo shot Arias in the head with a .32-caliber firearm. (PSR ¶ 14). Arias' fiancée and her daughter were just steps away. Castillo was paid $4,000 for his services. (PSR ¶ 14).

On June 20, 2019, Castillo was charged in a three-count Superseding Indictment with (1) murder-for-hire, in violation of 18 U.S.C. § 1958 and 2; (2) murder through the use of a firearm, in violation of 18 U.S.C. § 924(j) and 2; and (3) use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958, in connection with Hector Arias' murder in or about 2011. (PSR ¶¶ 1-6.)

On July 9, 2021, the defendant pled guilty to Count Two of the Superseding Indictment. (PSR ¶ 7).  Count Two charged Castillo with possessing a firearm in furtherance of a drug trafficking crime, which firearm was used to shoot and kill Hector Arias, which killing was a murder, in or about 2011, in violation of 18 U.S.C. § 924(j) and 2.  The plea agreement stated that the Government agreed to dismiss all open counts against the defendant at the time of sentencing, including the charges that carried a mandatory term of life imprisonment.

On October 15, 2021, the Court sentenced Castillo to a below-guidelines sentence of 276 months' imprisonment. (19 Cr. 428, Dkt. No. 105).

### a. Post-Trial Procedural History

After his conviction, Castillo filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255.  (19 Cr. 428, Dkt. 119, the "Petition").  Castillo's motion argued that he received constitutionally ineffective assistance of counsel in the pretrial and sentencing stages of his case and that the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and committed prosecutorial misconduct.  The Court denied the defendant's motion on October 11, 2023 finding that Castillo's claims were both procedurally barred and without merit. (19 Cr. 428, Dkt. 146).  The Court also declined to issue a certificate of appealability because Castillo had made not substantial showing of a denial of constitutional right. (*Id.* at 29).  Subsequently, Castillo moved in the Second Circuit Court of Appeals for a certificate of appealability, and that appeal was dismissed on June 18, 2024. *Michael Castillo v. United States*, 23-7656 (Dkt. No. 31.1).  The Government is not aware of a petition for a  writ of certiorari being filed with the Supreme Court, although Castillo's time to do so has not expired.

On July 30, 2024, Castillo filed a *pro se* motion seeking to amend his previously-denied Petition to add additional claims concerning the effectiveness of counsel because his "lawyer wrongfully ensured [him] that [his] guilty plea to a violation of 18 U.S.C. § 924(j) would not preclude [him] from earning time off [his] sentence under the First Step Act of 2018." (Dkt. 11, the "Motion to Amend" at 1).  Castillo alleges that he would not have pled guilty had his lawyer warned him that the conviction would preclude application of earned time credits. (*Id.*).

## II.    Castillo's Motion to Amend is Time-Barred

As explained below, because the "relation back" doctrine does not apply to Castillo's instant motion, it is therefore time-barred.  Accordingly, the motion should be dismissed.

### a. Castillo's Proposed Amendment Cannot "Relate Back" Because the Petition Has Been Dismissed

A one-year period of limitation applies to motions pursuant to Section 2255 challenging federal convictions. *See* 18 U.S.C. § 2255.  Pursuant to 18 U.S.C. § 2242, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(c) governs the timeliness of a motion to amend filed after the one-year limitations period has expired. *Ching v. United States*, 298 F.3d at 181. Under that rule, an amendment to an earlier, timely Section 2255 motion is timely if it "relates back" to the earlier motion. *Id.*; *see also* Fed. R. Civ. P. 15(c)(1) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of

2

the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading.").

The Second Circuit has squarely denied the applicability of the Rule 15(c) "relation back" doctrine to motions seeking to amend previously-dismissed §2255 claims. *See Warren v. Garren*, 219 F.3d 111, 114 (2nd Cir. 2000) ("[T]he 'relation back' doctrine is inapplicable when the initial habeas petition was dismissed, because there is no pleading to which to relate back."). Where, as here, a court has denied a petitioner's initial habeas petition on the merits, a subsequent motion to amend that petition cannot "relate back" to take advantage of the limitations period. *See, e.g., Williams v. United States*, No. 2012 WL 2497260 (S.D.N.Y. 2012) (because court had "previously dismissed defendant's original habeas petition, his motion to amend that petition should be denied with prejudice") and *Ordonez v. United States*, 2004 WL 1562726 (S.D.N.Y. 2004) (finding that because the initial §2255 motion had been denied on the merits, "there is no reason . . . to revisit or revise [the earlier] holding"). This is the case even when an appeal of the dismissed petition is still pending. *See Martin v. United States*, 22-CV-305 (VEC), 2023 WL 2402352, at *1-2 (Mar. 8, 2023) (dismissing an amended habeas petition as untimely because it did not relate back to an earlier petition that had been dismissed by the time the amendment was filed, notwithstanding that the dismissal of the original petition was not final); *Gilliam v. United States*, No. 13-cv-1271 (JG), 2014 WL 3778825, at 2 (E.D.N.Y. July 31, 2014) (same); *Williams*, 2012 WL 2497260, at *1 (same). As the *Warren* court explained, "[t]he rule is not a mere technicality, but serves to prevent prisoners from circumventing the limitations period imposed by the AEDPA." *Warren*, 219 F.3d at 114.

Here, the Court denied the Petition in October 2023 after a full consideration of the merits of Castillo's claims, and the Court of appeals declined to allow a certificate of appealability. There is simply no motion to which Castillo's current claims can relate back. *See Warren*, 219 F.3d at 114.

### b. Castillo's Proposed Amendment Also Cannot "Relate Back" Because It Is Factually Distinct

Even if there was a Petition for which the claims could relate back, Castillo's new claim would not do so here. An amended habeas motion relates back to an earlier motion "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Mayle v. Felix*, 545 U.S. 644, 645 (2005). Courts have recognized that "federal habeas law strictly limits the circumstances under which an amendment can relate back to the original petition filing." *Postelle v. Carpenter*, 901 F.3d 1202, 1225 (10th Cir. 2018); *see also, e.g., Turner v. United States*, 699 F.3d 578, 585 (1st Cir. 2012) ("The relation back provision in habeas petitions is strictly construed." (citing *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005))). The "touchstone for relation back" under Rule 15(c) "is notice, i.e., whether the original pleading gave a party adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense." *United States v. Baylor Univ. Med. Ctr.*, 469 F.3d 263, 270 (2d Cir. 2006).

Castillo's proposed additional claim in the Motion to Amend relies on an entirely different set of facts than the claims in the Petition. The Petition's ineffective assistance and prosecutorial misconduct claims do not relate in any way to Castillo's new ineffective assistance claim rooted in advice purportedly received from his lawyer regarding the application of earned time credits

awarded by the Bureau of Prisons.  While his Petition raised ineffective assistance claims about advice regarding his plea proceeding, the Petition made no mention of earned time credits or the First Step Act.  This claim is factually distinct from any claim in the Petition.  Accordingly, the Amended Petition asserts time-barred claims that should be denied.  *See Mayle*, 545 U.S. at 657 (finding that defendant was not entitled to relation back "merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance").

**III.    Conclusion**

For the foregoing reasons, Castillo's motion to amend should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Jamie E. Bagliebter
Peter J. Davis
Jacqueline Kelly
Assistant United States Attorneys
(212) 637-2468 / -2236 / -2456

cc: Defendant, *pro se* (by mail)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 15, 2024

**BY ECF**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

 Re:    ***United States v. Michael Castillo*, S2 19 Cr. 428 (JGK); 22 Civ. 06894**

Dear Judge Koeltl:

 The Government respectfully writes in opposition to the defendant Michael Castillo's motion for relief from judgment under Fed. R. Civ. P. 60(b)(3). (Dkt. No. 9, the "Motion").[1]  For the reasons discussed below, the defendant's motion should be denied.

**I.     Background**

 **a.  Castillo's Offense Conduct and Sentence**

 On the morning of March 10, 2011, Castillo shot and killed Hector Arias. This was a premeditated murder, which Castillo committed for money. In advance of the killing, Castillo hid in the stairwell of Hector Arias' apartment building, waiting for his target to come outside. ((Dkt No. 101, United States Probation Office, Presentence Investigation Report ("PSR") ¶ 14).  In addition, Castillo had previously surveilled Arias in the building in preparation for the murder. (PSR ¶ 13).  In fact, just the day before, Castillo waited in a same location in Arias' apartment building, but ultimately left after not finding the right opportunity to take his shot. On March 10, Castillo tried again. When Arias exited the apartment with his fiancée and her daughter to start their day and bring the child to school, Castillo ambushed Arias. (PSR ¶ 14).  Arias and Castillo struggled briefly and then Castillo shot Arias in the head with a .32-caliber firearm. (PSR ¶ 14).  Arias' fiancée and her daughter were just steps away. Castillo was paid $4,000 for his services. (PSR ¶ 14).

 On June 20, 2019, Castillo was charged in a three-count Superseding Indictment with (1) murder-for-hire, in violation of 18 U.S.C. § 1958 and 2, (2) murder through the use of a firearm, in violation of 18 U.S.C. § 924(j) and 2, and (3) use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958, in connection with Hector Arias' murder in or about 2011. (PSR ¶¶ 1-6.)

---

[1] Unless otherwise noted "Dkt. No." refers to the docket in 22 Civ. 06894.

On July 9, 2021, the defendant pled guilty to Count Two of the Superseding Indictment. (PSR ¶ 7). Count Two charged Castillo with possessing a firearm in furtherance of a drug trafficking crime, which firearm was used to shoot and kill Hector Arias, which killing was a murder, in or about 2011, in violation of 18 U.S.C. § 924(j) and 2. The plea agreement stated that the Government agreed to dismiss all open counts against the defendant at the time of sentencing, including the charges that carried a mandatory term of life imprisonment.

On October 15, 2021, the Court sentenced Castillo to a below-guidelines sentence of 276 months' imprisonment. (19 Cr. 428 Dkt. No. 105).

### b. Post-Trial Procedural History

After his conviction, Castillo filed a petition to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1, the "Petition"). Castillo's motion argued that he received constitutionally ineffective assistance of counsel in the pretrial and sentencing stages of his case and that the Government violated its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and committed prosecutorial misconduct. The Court denied the defendant's motion on October 11, 2023 finding that Castillo's claims were both procedurally barred and without merit. (Dkt. 146).

Among other things, the Court rejected Castillo's claims related to Michael Vega because, "[t]here is nothing about this information that casts any doubt on the knowing and voluntary nature of the defendant's plea." (Dkt. No. 6 at 26-27.) The Court also declined to issue a certificate of appealability because Castillo had made not substantial showing of a denial of constitutional right. (*Id.* at 29). Subsequently, Castillo moved in the Second Circuit Court of Appeals for a certificate of appealability, and that appeal was dismissed on June 18, 2024. *Michael Castillo v. United States*, 23-7656 (Dkt. No. 31.1).

On July 2, 2024, the defendant filed a *pro se* motion for relief from the original judgement denying his Petition based on Federal Rule 60(b)(3).[2] Castillo asks for this court to "revisit the voluntariness" of his plea, Motion at 3, in light of certain statements at Vega's May 3, 2022 guilty plea before the Court. Specifically, Castillo argues that during Vega's May 3, 2022 plea proceeding Vega's counsel's did not confirm that Vega introduced Espinal to Castillo for, among other reasons, to commit murder, and that this affects the voluntariness of Castillo's guilty plea.

## II.    Castillo's Motion Fails

As explained below, Castillo has simply rehashed an argument that this Court rejected. Castillo's argument is legally and factually incorrect and should be denied.

---

[2] On July 30, 2024, Castillo filed a pro se motion seeking to amend his previously-denied Petition to add additional claims concerning the effectiveness of counsel because his "lawyer wrongfully ensured [him] that [his] guilty plea to a violation of 18 U.S.C. § 924(j) would not preclude [him] from earning time off [his] sentence under the First Step Act of 2018." (Dkt. No. 11, the "Motion to Amend" at 1). Castillo alleged that he would not have pled guilty had his lawyer warned him that the conviction would preclude application of earned time credits. (*Id.*). The Government has separately responded to that motion (Dkt. No. 14) and apologizes for not responding to the Rule 60(b)(3) motion at the same time.

### A. Castillo's Motion is Outside the Scope of Rule 60(b)(3)

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that a district court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). In the habeas context, relief under Rule 60(b) is available "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) (citing *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001)); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (stating that a Rule 60(b) motion is not a claim under Section 2254 of Title 18, United States Code, when it attacks "not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings").

Here, Castillo expressly attacks the substance of this Court's resolution of a 2255 claim, not the integrity of the habeas proceeding: Castillo asks this Court to "revisit the voluntariness of [his] plea" and takes issue with this Court's finding that "[t]here is nothing about this information that casts doubt on the knowing and voluntary nature of defendant's plea." (Motion at 1, 3.) These arguments ask this Court to reopen its ruling on the Petition and are not proper under Rule 60(b). When faced with an improper Rule 60(b) motion from a criminal defendant attacking his underlying conviction, a district court may either transfer the motion to the Court of Appeals for consideration as a second or successive motion under Section 2255 (with advance notice to the defendant), or simply deny the motion as being beyond the scope of Rule 60(b). *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002); *see also United States v. Vasquez*, No. 17-CR-390-6 (AMD), 2024 WL 4482716, at *2 (E.D.N.Y. Oct. 10, 2024). Accordingly, the Court should deny the Motion for this reason.

### B. Castillo's Challenge Rehashes an Argument that this Court Fully Considered and Rejected.

Castillo's Motion fails on the merits as well. Castillo's Rule 60(b) motion to reopen his habeas proceeding rehashes the same arguments related to Michael Vega that this Court already considered and rejected. Specifically, Castillo states he was "able to obtain the plea and sentencing transcript" from May 3, 2022 and January 18, 2023. Castillo states that, during those proceedings, Vega admitted to lying to the Government and Vega's counsel did not confirm, during his plea allocution, that he introduced Castillo to Espinal for the purpose of committing the murder. (Motion at 2-3.) From there, Castillo states that this Court could not conclude that Castillo's guilty plea was knowing and voluntary. (*Id.* at 5.) This argument fails for multiple reasons in addition to the procedural failure identified above.

*First*, as Castillo recognizes, this Court considered and rejected Castillo's argument in rejecting his Petition. The Court held: "There is nothing about this information that casts any doubt on the knowing and voluntary nature of the defendant's plea." (Dkt. No. 6 at 27.) Castillo's

2

petition (Dkt. No. 1) was filed on August 12, 2022, which was *after* Vega's guilty plea on May 3, 2022. And the Court's October 11, 2023 decision denying Castillo's Petition (ECF No. 6) came after both Vega's plea and sentencing. Accordingly, there is no reason to revisit this Court's ruling.

*Second*, Castillo's reliance on the plea and sentencing transcript for Mr. Vega are of no moment. That, during his plea proceeding, Vega admitted lying to the Government does not impact the voluntariness of *Castillo's* plea proceeding, which this Court held was knowing and voluntary. As this Court found, defense counsel was fully informed about Vega's false statements. Further still, that Vega did not confirm, in his plea allocution, that he introduced Castillo to Espinal for the purpose of doing the murder does not impact Castillo's culpability at all. Regardless of why *Vega* introduced Castillo to Espinal (which goes to *Vega's* culpability), the fact (as admitted by Mr. Castillo) remains that Castillo was hired by Espinal to murder Arias.

Further still, and finally, while Vega's counsel did not confirm that he introduced Espinal and Castillo for the *purpose* of arranging the murder, this Court found at Vega's sentencing that Vega had full knowledge that Espinal wanted Arias killed and Castillo was a hitman at the time of the introduction:

> The defendant's role in the conspiracy was the most minor of the three defendants. He introduced the other defendants to each other with the knowledge that one defendant had stated that he wanted to kill the victim and the other defendant had held himself out as a hit man.

(19 Cr. 428 Dkt. No. 135 at 20.) While none of this has anything to do with *Castillo's* culpability, let alone Castillo's guilty plea—Vega did make this introduction knowing that Espinal wanted Arias dead and that Castillo was a hitman. Accordingly, Castillo's motion fails as a factual matter.

### C.  Conclusion

For the foregoing reasons, Castillo's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s_____

Jamie E. Bagliebter
Peter J. Davis
Jacqueline Kelly
Assistant United States Attorneys
(212) 637-2468 / -2236 / -2456

cc: Defendant, *pro se* (by mail)