```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
MICHAEL CASTILLO,

              Petitioner,

   - against -

UNITED STATES OF AMERICA,

             Respondent.

---

19-cr-428 (JGK)
22-cv-6894 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

    The pro se petitioner, Michael Castillo, submitted the enclosed letter by mail. The letter is hereby forwarded to all parties.

    The Clerk is requested to mail a copy of this Order and the enclosure to the petitioner at: Michael Castillo (589 37177); Low Security Correctional Institution; P.O. Box 999; Butner, NC 27509; and to note mailing on the docket.

SO ORDERED.

Dated:   New York, New York
           November 19, 2024

                                      John G. Koeltl
                              United States District Judge

United States District Court
Southern District of New York

United States of America

    -v-                              S2 19 Cr. 428 (JGK);
                                       22 Civ. 06894

Michael Castillo,
    Defendant.

The Honorable John G. Koeltl

    My Rule 60(b) allowed to be rule in the district court for the following reasonings; (1) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time. (2) The Court made a desicion based on the Government agruement, based on the Government false statements, which caused the court to denied my 2255 motion.

The Government Misconduct and Brady Violation.
    The Government stated in my 2255;
"First, while the Government agrees that it learned at some point that Vega was not being completely truthful and has subsequently charged him, the Government charged Vega with lying in meetings with the FBI, not with lying in the grand jury. Second, the substance of the false information conveyed to the Government by Vega concerned his own culpability in Arias' Murder and did not involve any information regarding Castillo's role. Third, at the time the Government sought

indictment, so there was no knowing use of false testimony. And finally, the Government promptly produced to defense counsel notes of its interviews with Vega and kept the defense fully informed of the Government's developing views of the veracity of this witness."
(case 1:19-cr-00428-JGK  Document 125  Filed 10/14/22 p.g. 30-31)

This information was provided to my lawyer and myself during pretrial. The Government's and Vega's lawyer states the following;
"The defendant's grand jury testimony." (case 1:19-cr-00428-JGK Document 113 Filed 05/24/22 p.g. 24 18-19)
"Michael Vega spoke to the government over several years without much legal protection. He provided information that helped the government obtain indictments and convictions of Espinal and Castillo. He testified in the grand jury without immunity."
(Document 135 Filed 02/16/23 p.g. 4 13-17 case 1:19-cr-00428-JGK)
"His cooperation with the Government, which led to the indictment and ultimate conviction of Espinal and Castillo is a mitigating factor. (Document 135 pg. 12 12-14 case 1:19-cr-00428-JGK)

The information the Government provide in the 2255 does not match of what occur in Michael Vega's transcript. The Government misled the Court in the 2255, misled my lawyers and myelf during pretrial with the same information in the 2255. Government shows misconduct and Brady Violation based on these transcripts. A finding

that a prosecutor's remark was improper is not enough to warrant a new trial. An appellate court will grant one only when the misconduct alleged is so severe and significant as to result in the denial of the defendant's right to a fair trial. The Due Process Clause prohibits a prosecutor from allowing false testimony to go uncorrected when it appears. The government may not knowingly use false evidence, including false testimony, to obtain a tainted conviction.

### The 2255 Amend

The Government states the following;
"First, the Court read allowed count two in the Superseding Indictment for Castillo. (Id. at 10) Second, the Court set forth the elements of the offense, charged in count two. (Id. at 10-11) Third, the court explained to Castillo that count two had a maximum possible penalty of life imprisonment and a mandatory minimum penalty of 5 years imprisonment, which must run consecutively to any term of imprisonment imposed. (case 1:19-cr-00428-JGK Document 125 Filed 10/14/22 p.g. 13 Id. at 11)

I had no way of knowing my 924(J) had two different counts of 924(c) that follows my 924(J), with these 924(c) barred me from the first step Act. If I had knowingly, I will not signed my plea agreement. Making my plea not knowingly, as the Supreme Court has mandated United States v. Haynes 412 F.3d 37, 39 (2nd Cir. 2005).

## Conclusion

For the above and foregoing reasons, My conviction and sentence should be vacted so that I can plea anew, set aside, dismissed, or be resentenced.

Respectfully submitted,

Michael Castillo
Reg# 589 37177
FCI Butner Low
P.O. Box 999
Butner, NC 27509

Name: Michael Castillo
Number: 58937194
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509

Honorable John G. Koeltl
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

RALEIGH NC 275
Research Triangle Region
1 NOV 2024   PM 4  L



LOW SECURITY CORRECTIONAL
P.O. BOX 999
BUTNER, NORTH CAROLINA 27509

DATE: 10/31/24

"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened or inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosed to the above address.