UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────

MICHAEL CASTILLO,

                Movant,

    - against -

UNITED STATES OF AMERICA,

                Respondent.
───────────────────────────────────

22-cv-6894 (JGK)

ORDER

**JOHN G. KOELTL**, District Judge:

    The pro se movant, Michael Castillo, submitted the enclosed letter by mail. The letter is hereby forwarded to all parties.

    The movant's letter, dated November 1, 2024, notes that he "submitted this response before" but the submission "did not show up on the docket." The prior submission was docketed on November 19, 2024, ECF No. 22, and carefully reviewed before the Court issued the three orders dated November 19, 2024, ECF Nos. 21, 23, 24.

    The Clerk is requested to mail a copy of this Order, including the enclosures, to the movant at: Michael Castillo (589 37177); Low Security Correctional Institution; P.O. Box 999; Butner, NC 27509; and to note mailing on the docket.

**SO ORDERED.**

Dated:    New York, New York
           December 4, 2024

                                                John G. Koeltl
                                      United States District Judge

United States District Court                    Nov 01, 2024
Southern District of New York


United States of America

    - V. -                    S2 19 Cr. 428 (JGK); 22 civ. 06894

Michael Castillo,
    Defendant


Dear Judge Koeltl:

    The Defendant respectfully writes in opposition to the Government's response for Fed. R. Civ. P. 60(b)(3) and 2255 Amend. For the reasons discussed below, the defendant's motion should be Granted.

    My Rule 60(b) allowed to be rule in the district court for the following reasonings; (1) newly discovered evidence that, with reasonable diligence, could not have been discovered in time. (2) The court made a decision based on the Government arguement, based on the Government false statements, which caused the court to denied my 2255 motion.

    The Government misconduct and Brady Violation
    A finding that a prosecutor's remark was improper is not enough to warrant a new trail. An appellate court will grant one only when the misconduct alleged is so severe and significant as to

result in the denial of the defendant's right to a fair trial. The Due Process Clause prohibits a prosecutor from allowing false testimony to go uncorrected when it appears. The government may not knowingly use false evidence, including false testimony, to obtain a tainted conviction. (United States v. Coplan 703 F.3d 46)

The Government stated:
"First, while the Government agrees that it learned at some point that Vega was not being completely truthful and has subsequently charged him, the Government charged Vega with lying in meetings with the FBI, not with lying in the grand jury. Second, the substance of the false information conveyed to the Government by Vega concerned his own culpability in Arias' murder and did not involve any information regarding Castillo's role. Third, at the time the Government sought indictment, so there was no knowing use of false testimony. And finally, the Government promptly produced to defense counsel notes of its interviews with Vega and kept the defense fully informed of the Government's developing views of the veracity of this witness."
(case 1:19-cr-00428-JGK Document 125 Filed 10/14/22 p.g. 30-31)

This information was provided to my lawyer and myself during pretrial.

The Government and Vega's lawyer states the following:

"The defendant's grand jury testimony."
(case 1:19-cr-00428-JGK Document 113 Filed 05/24/22 p.g. 24 (18-19))

"Michael Vega spoke to the government over several years without much legal protection. He provided information that helped the government obtain indictments and convictions of Espinal and Castillo. He testified in the grand jury without immunity."
(Document 135 Filed 02/16/23 p.g. 4 (13-17))

"His cooperation with the Government, which led to the indictment and ultimate conviction of Espinal and Castillo is a mitigating factor."
(Document 135 pg. 12 (12-14))

The information the Government provide in the 2255 does not match what actually happen in Michael Vega's transcript. Government misled the Court in the 2255, misled my lawyer and myself with the same information in the 2255. The Government continues to misled the Court with the incorrect information. The Government states my calms are false in my 2255, when the Government made the false statements. Government shows misconduct and Brady Violation based on these transcripts.

2255 Amend

The Government states the following;
"First, the court read allowed Count Two in the Superseding Indictment for Castillo. (Id. at 10) Second, the Court set forth the elements of the offense, charged in Count Two (Id. at 10-11) Third, the court explained to Castillo that Count Two had a maximum possible penalty of life imprisonment and a mandatory minimum penalty of 5 years imprisonment, which must run consecutively to any term of imprisonment imposed." (case 1:19-cr-00428-JGK Document 125 Filed 10/14/22 p.g. 13 (Id. at 11)).

No way for knowing I had 2 Counts of 924(c) with my 924(J). My Judgement is either written wrong or/and I had no knowledge of the 924(c) make my plea not knowingly, as the Supreme Court has mandated. United States v. Haynes, 412 F.3d 37, 39 (2nd Cir. 2005)

I had no way of knowing my 924(J) had two different counts of 924(c) that goes with my 924(J). These 924(c) barred me from the first step act. If I had knowingly, I will not signed my plea agreement. Make my plea not knowingly, as the Supreme Court has mandated.

Conclusion

For the foregoing reasons, the Court should Grant my Motion in its entirety. Vacate, set aside, or correct my sentence.

Respectfully submitted,
Michael Castillo
Reg # 589 34174



Note: I submitted this response before. It did not showed up on the docket. I am re-submitting the same response. If the courts have my response already, please disregard this response. My response was sent in October 19, 2024